# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

Docket No. 22-56209

---

YURIRIA DIAZ, an individual.

*Plaintiff - Appellee,*

vs.

MACY'S WEST STORES, INC.
N/K/A MACY'S RETAIL HOLDINGS, LLC
*Defendant - Appellant.*

————

On Appeal from the United States District Court
Central District of California
The Honorable Philip S. Gutierrez, Judge Presiding
(No. 8:19-cv-00303-PSG-MAA)

————

**APPELLEE'S BRIEF**

————

| JACKSON APC | CAPSTONE LAW APC |
|---|---|
| ARMOND JACKSON (SBN 281547) | RYAN H. WU (SBN 222323) |
| AJACKSON@JACKSONAPC.COM | RYAN.WU@CAPSTONELAWYERS.COM |
| ANDREA FERNANDEZ-JACKSON (SBN 295924) | MELISSA GRANT (SBN 205633) |
| AFERNANDEZ@JACKSONAPC.COM | MELISSA.GRANT@CAPSTONELAWYERS.COM Robert J. Drexler, Jr. (119119) |
| 2 VENTURE PLAZA, STE. 240 | robert.drexler@capstonelawyers.com |
| IRVINE, CALIFORNIA 92618 | 1875 CENTURY PARK EAST, STE.1000 |
| TEL: (949) 281-6857; FACSIMILE: (949) 777-6218 | LOS ANGELES, CALIFORNIA 90067 |
| | TEL: (310) 556-4811; FACSIMILE: (310) 943-0396 |

Attorneys for Plaintiff - Appellee, Yuriria Diaz

# **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1

STATEMENT OF JURISDICTION................................................................................4

STATEMENT OF REVIEWABILITY ..........................................................................4

STATEMENT OF ISSUES PRESENTED......................................................................4

STATEMENT OF THE CASE AND FACTS ................................................................5

   A.   Ms. Diaz's Labor Code Claims ...................................................................5

   B.   The Arbitration Agreement Encompasses All Employment-Related
       Disputes Arising Out of Any Law, Including PAGA ...................................6

   C.   Respondent's Motion to Compel Arbitration and the District Court's
       Ruling ..........................................................................................................6

ARGUMENT ..................................................................................................................8

   I.   The District Court's Order is Not Appealable ..............................................8

   II.  Even If the Appeal Were Considered, the Court Should Affirm the District
      Court's Ruling That Appellee's Entire PAGA Action Should Be
      Arbitrated…............................................................................................... 12

     A.   Standard of Review ....................................................................................12

     B.   California's PAGA .....................................................................................12

     C.   The District Court Order Compelling the Representative PAGA Claims
        to Arbitration Must Be Affirmed .............................................................14

     D.   Macy's Arguments for Reversal are Without Merit ...............................25

     E.   To The Extent The Terms of The Arbitration Agreement Are
        Ambiguous, Any Ambiguities Must Be Resolved in Favor of
        Arbitration.. ...............................................................................................30

     F.   Should All of Ms. Diaz's PAGA Claims Not Move Forward in
        Arbitration, Ms. Diaz's Non-Individual PAGA Claims Should Be Stayed,
        Not Dismissed, Pending *Adolph* ............................................................31

CONCLUSION..............................................................................................................32

ii

# TABLE OF AUTHORITIES

**Cases**

*Adolph v. Uber Technologies*,
No. S274671 ...................................................................................32

*Adolph v. Uber Techs., Inc.*,
No. G059860, 2022 WL 1073583 .......................................................28

*Arias v. Superior Court,*
46 Cal. 4th 969 (2009)........................................................................13

*Armendariz v Foundation Health Phychare Services, Inc.,*
24 Cal.4th 83 (2000)...........................................................................11

*Bushley v. Credit Suisse First Boston*,
360 F.3d 1149 .......................................................................................4

*Dominguez v. Sonesta International Hotels Corporation*,
2023 WL 25707 (N.D. Cal. Jan. 3, 2023) ...........................................28

*Galarsa v. Dolgen California, LLC,*
88 Cal. App. 5th 639 (2023) ...............................................................31

*Gray v. Petrossian, Inc.,*
2017 WL 8792671(C.D. Cal. Nov. 10, 2017) .....................................15

*Gregg v. Uber Technologies, Inc.,*
89 Cal. App. 5th 786 (2023) ...............................................................31

*Hamilton v. Wal-Mart Stores, Inc.,*
39 F.4th 575 (9th Cir. 2022)......................................................... 26, 27

*Hermosillo v. Davey Tree Surgery Co.,*
821 F. App'x 753, 755 (9th Cir. 2020) ..............................................8, 9

*Intel Corp, c. Advanced Micro Devices, Inc.,*
12 F.3d 908 (9th Cir. 1993) ................................................................15

*Iskanian v. CLS Transportation of Los Angeles LLC*,
59 Cal. 4th 348 (2014) .........................................................................19

*Johnson v. Consumerinfo.com, Inc.*,
745 F.3d 1019 (9th Cir. 2014) ................................................................8

*Kim v. Reins International California, Inc.,*
9 Cal. 5th 73 (2020) ................................................................ 12, 13, 31

*Langere v. Verizon Wireless Servs*., LLC,
983 F.3d 1115 (9th Cir. 2020) ................................................................8

*Lamps Plus, Inc. v. Varela*,
139 S. Ct. 1407 (2019) ............................................................ 9, 23, 27, 30

*MediVas, LLC v. Marubeni Corp*.,
741 F.3d 4 (9th Cir. 2014) ....................................................................10

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*,
473 U.S. 614, 633 (1985) ......................................................................25

*Nickson v. Shemran, Inc.*,
__ Cal. App. 5th __, 2023 WL 2820860 (2023) ..................................31

*Parsittie v. Schneider Logistics,*
2023 WL 2629869 (C.D. Cal. Feb. 8, 2023) ........................................29

*Piplack v. In-N-Out Burgers*,
88 Cal. App. 5th 1281 (2023) ...............................................................31

*Quevedo v. Macy's, Inc*.,
798 F. Supp. 2d 1122 (C.D. Cal. 2011) ...............................................30

*Revitch v. DIRECTV, LLC,*
977 F.3d 713(9th Cir. 2020) .................................................................14

*Rivas v. Coverall North America, Inc*.,
2022 WL 17960776 (C.D. Cal. Nov. 28, 2022) ...................................28

//

iv

*Ryman v. Sears, Roebuck & Co.*,
   505 F.3d 993 (9th Cir. 2007) ...............................................................31

*Sakkab v. Luxxotica Retail N.A.*,
   803 F.3d 425 (9th Cir. 2015) ................................................ 17, 24, 25

*Seifu v. Lyft, Inc.*,
   __ Cal. App. 5th __, 2023 WL 2705285 (2023) ...................................31

*Teimouri v. Macy's, Inc.*,
   2013 Cal. App. Unpub. LEXIS 3383 (2013).......................................30

*Ticknor v. Choice Hotels Intern., Inc.*,
   265 F. 3d. 931 (2001) ...........................................................................12

*Valencia v. Mattress Firm, Inc.*,
   2023 WL 2062951 (N.D. Cal. Feb. 16, 2023)......................................27

*Viking River Cruises v. Moriana*,
   142 S.Ct. 1906 (2022) ................................................................. passim

*Williams v. Superior Court*,
   3 Cal. 5th 531 (2017)............................................................................13

*ZB, N. A. v. Superior Court*,
   8 Cal. 5th 175 (2019)............................................................................17

*Zoller v. GCA Advisors*,
   *LLC* 993 F. 3d 1198 (9th Cir. 2021)....................................................14

## Statutes

28 U.S.C. § 1292(b) ........................................................................1, 8

28 U.S.C. § 1331 .............................................................................4, 7

9 U.S.C. § 16(a)(1)(B) ........................................................................1

9 U.S.C. § 16(a)(1)(C) ........................................................................8

9 U.S.C. § 16(a)(3).............................................................................9

9 U.S.C. § 16(b) ..........................................................................................4

Cal. Labor Code sections 2698 *et seq* ......................................................1

Cal. Lab. Code § 2699(a) ..........................................................................18

Cal. Lab. Code § 2699(i)............................................................................17

# **INTRODUCTION**

Appellant/Defendant Macy's West Stores, Inc. improperly seeks to appeal a non-appealable order—an order compelling Appellee/Plaintiff's Yuriria Diaz's entire representative action for PAGA[1] to arbitration.  The Federal Arbitration Act provides that a district court's order denying a motion to compel arbitration is immediately appealable.  9 U.S.C. § 16(a)(1)(B).  But an order compelling arbitration is not immediately appealable. 9 U.S.C. § 16(b)[2] This appeal should therefore be dismissed.

Even if the Court were to permit this appeal to go forward, the district court's order should be affirmed because the court correctly concluded that the arbitration agreement that Appellant/Defendant sought to enforce (the "Agreement") does not evince any intent of the parties to arbitrate only the "individual" PAGA claim.  Instead, by its very terms, the Agreement covers the entire PAGA action (both the "individual" and "non-individual" components or "claims"), which the district court compelled to arbitration.

Moreover, the district court correctly concluded that the United States Supreme Court's decision in *Viking River Cruises v. Moriana,* 142 S.Ct. 1906 (2022)

---

[1] Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698 *et seq.*

[2] Such an order would only be immediately appealable if the district court had certified the order for appeal under 28 U.S.C. § 1292(b), which the district court did not do here.

1

("*Viking River*") does not support Appellant's claim that the arbitration must go forward on an individual basis. Contrary to Appellant's position, neither the holding nor the disposition of *Viking River* applies because the agreement to arbitrate is missing: a "wholesale waiver" of the right to bring a representative PAGA action (which the High Court agreed is unenforceable) *and* an underlying agreement to arbitrate the PAGA action individually. *Id.* at 1925. Indeed, the absence of a representative action waiver indicates that the parties did not seek to arbitrate individual PAGA claims and so the "forced joinder" problem identified in *Viking River* is not implicated. Instead, the Agreement, as written, provides for the entire representative PAGA claim to be arbitrated, as the district court ordered.

The entire representative PAGA action (comprising what the *Viking River* Court called the "individual" and "non-individual" PAGA claims) must be arbitrated together, without being bifurcated into separate proceedings. California law governs because the Agreement does not contain a "wholesale waiver" or provide that individual PAGA claims should be arbitrated. And California case law provides that PAGA claims cannot be split into individual and non-individual components. To be clear, the U.S. Supreme Court cannot override California courts' interpretation of California law, and *Viking River* cannot be construed as having done so under these circumstances.

2

In *Viking River*, the U.S. Supreme Court expressly held that California law was preempted by the FAA insofar as state law prevents the parties *who have chosen to arbitrate PAGA claims individually* from doing so. *Viking River* cabined its holding and upheld other aspects of California law. *Viking River* certainly did not hold that California law on the unitary nature of PAGA—a matter of pure California law—was preempted by federal arbitration law where the parties had not intended to arbitrate individually. Nor could it; under federalism principles, the California legislature and state courts have the last word on issues of pure California law. Where the FAA does not preempt, California courts' interpretation of California law controls.

Here, because the district court has already found that the parties did not intend to arbitrate individual PAGA claims only, the FAA cannot preempt California law that prohibits the bifurcation of a representative PAGA action into separate proceedings. Diaz's entire representative PAGA action—comprising the "individual" and "non-individual" components—must be arbitrated together. The district court's order compelling the entire PAGA action to arbitration should therefore be affirmed.

//

//

3

## STATEMENT OF JURISDICTION

The district court had jurisdiction based upon diversity pursuant to 28 U.S.C. § 1331. (ER 729-737.) This Court does not have jurisdiction as the district court's order is not appealable and the appeal should be dismissed. (*See* 9 U.S.C. § 16(b); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149)

## STATEMENT OF REVIEWABILITY

All issues on appeal were raised in Appellee's Opposition papers except for the appealability of the district court's order. (ER 2-633). Rulings as to all issues raised are discussed in the district court's November 23, 2022 Order. (ER 2-9)

## STATEMENT OF ISSUES PRESENTED

1. Is the district court's order granting Appellant/Defendant's motion compelling arbitration appealable?

2. In light of the presumption that the Court is the decider of arbitrability and federal policy favors arbitration if ambiguities exist, did the district court err when it compelled all of the Appellee's Private Attorney General Act ("PAGA") claims to arbitration, where there is no manifestation of any intent by the parties to arbitrate such claims on an individual basis?

//

//

## STATEMENT OF THE CASE AND FACTS

### A. Ms. Diaz's Labor Code Claims

Ms. Diaz worked for Macy's as a non-exempt retail employee. (ER 765-787) On November 20, 2018, she initiated this action against Macy's in the California Superior Court. (*Id.*).  On January 22, 2019, Ms. Diaz filed her first amended complaint ("FAC"), alleging she had suffered Labor Code[3] violations committed by Macy's when it (1) failed to pay appropriate overtime wages; (2) failed to pay minimum wages; (3) failed to pay owed wages at the time of termination; (4) failed to provide accurate itemized wage statements and (5) failed to reimburse for reasonable business expenses.  (ER 738-764). On February 14, 2019, Macy's removed this action to Federal Court. (ER 729-737) On May 13, 2019, Ms. Diaz filed a second amended complaint limiting her claims to PAGA only claims. (ER 718-726) On February 9, 2021, Ms. Diaz filed her Third Amended Complaint, which is her operative complaint alleging PAGA only claims. (ER 705-713)

On October 21, 2022, after the decision in *Viking River*, Macy's filed its motion to compel Ms. Diaz's individual PAGA claims to arbitration. (ER 618-633)

//

//

---

[3] Unless otherwise indicated, all references are the California Labor Code.

## B. **The Arbitration Agreement Encompasses All Employment-Related Disputes Arising Out of Any Law, Including PAGA**

Ms. Diaz subjected herself to Macy's employee arbitration agreement. (ER 6). This agreement states, "all-employment related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ('Employment-Related Claims'), shall be settled exclusively by final and binding arbitration." (ER 592) "[T]he Arbitrator shall not consolidate claims of different Associates into (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group.)." (ER 598)

## C. **Respondent's Motion to Compel Arbitration and the District Court's Ruling**

Following *Viking River*, on October 21, 2022, Macy's filed its motion to compel arbitration. On November 10, 2022, Ms. Diaz opposed the motion. (ER 22-31).

In its motion, Macy's requested that only Ms. Diaz's individual PAGA claims be compelled to arbitration, and all other claims dismissed. (ER 344-348). Ms. Diaz opposed this motion arguing *Viking River* is distinguishable based on the language in the arbitration agreement. (ER 22-31).

Considering both arguments, the district court first evaluated the arbitration agreement ("Agreement") itself and held that it covers all PAGA claims, "individual" and "non-individual."   (ER 2-9). The district court reasoned that the Agreement "unambiguously mandates arbitration for all employment-related disputes arising out of any law." (ER 7) The court held that Ms. Diaz's "representative PAGA claims fall within the capacious language… as an employment-related dispute." (*Id*.). The district court further reasoned that any ambiguities as to the scope of the arbitration "must be resolved in favor of arbitration."  (ER 8)

The district court held the Agreement does not contain a representative action waiver, rejecting Macy's position that the class and collective action waiver in the Agreement included PAGA claims.  (ER 6-9) That lack of a representative action waiver was "fatal" to Macy's motion because while the representative PAGA claim is covered by the broad arbitration clause, there is no additional language limiting the arbitration of "individual PAGA claims." (*Id*.) Moreover, the court found that there was no language evincing an intent to arbitrate the "individual" portion of the PAGA action, therefore holding, "[t]he agreement's all-encompassing language coupled with a lack of language excluding representative PAGA claims leads the [c]ourt to find that all PAGA claims must be compelled to arbitration under the agreement." (*Id*.) Macy's appealed. (ER 788-798).

# ARGUMENT

## I.    The District Court's Order is Not Appealable

The appeal should be dismissed because it is not appealable. The Federal Arbitration Act limits the type of orders involving arbitration that are immediately appealable under 9 U.S.C. § 16.  A district court's orders denying a motion to compel arbitration are immediately appealable pursuant to 9 U.S.C. § 16(a)(1)(B)–(C). But orders compelling arbitration and staying proceedings are not immediately appealable pursuant to 9 U.S.C. § 16(b) absent certification under 28 U.S.C. § 1292(b).  *See Langere v. Verizon Wireless Servs*., LLC, 983 F.3d 1115, 1118 (9th Cir. 2020) ("[I]t is 'well established that § 16(b) bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings,' and that § 1292(b) is the 'sole avenue' to immediate appeal of such orders); *see als*o, *Hermosillo v. Davey Tree Surgery Co*., 821 F. App'x 753, 755 (9th Cir. 2020) ( citing *Johnson v. Consumerinfo.com, Inc.*, 745 F.3d 1019, 1023 (9th Cir. 2014)) (holding that 28 U.S.C. § 1292(b) certification "provides the sole route for immediate appeal of an order staying proceedings and compelling arbitration").

Only in very limited circumstances, where the district court grants a motion to compel arbitration and *dismisses* the underlying claims would the order constitute "a final decision with respect to an arbitration" that is immediately

appealable under the 9 U.S.C. § 16(a)(3). *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1414 (2019) (quoting 9 U.S.C. § 16(a)(3)).[4]

Here, the lower court did not expressly dismiss or stay underlying claims, rather it granted plaintiff's motion to compel arbitration and ordered the case "closed," and therefore not appealable. (E.R. 9; see also *Hermosillo*, 821 Fed.Appx. at 755.) In *Hermosillo*, the defendant sought to compel the plaintiffs' employment-related class action to individual arbitration while carving out the PAGA cause of action. *Id*. at 754. The district court denied in part and granted in part, ordering arbitration on a class wide basis and for the parties to notify the court of the arbitration's completion, staying the PAGA action, and for the clerk to close the file. *Id*. at 755. The employer appealed and sought to have this Court compel arbitration on an individual basis. *Id*. In *Hermosillo*, the district court did not explicitly "dismiss" the claims but rather ordered it sent to arbitration, and administratively "closed" that aspect of the matter because no claims were pending before it. Nothing was final. Indeed, the matter could simply be reopened by

---

[4] In *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1414 (2019), the Supreme Court stated that the change from individual to class arbitration is a "fundamental change" that gives rise to a personal stake in the litigation and therefore an appealable order. But *Viking River* distinguished class claims from PAGA claims, including arbitration of PAGA claims, as discussed below. As *Viking River* distinguished *Lamps Plus* and class arbitration from arbitration of PAGA representative claims, the narrow exception does not apply and that the appeal is procedurally improper.

motion, for example, if the defendant breached its duties in arbitration. *See*

Fed.R.Civ. Pro. 60. Under such circumstances, the order was not appealable.

Notably, *Hermosillo* was issued after *Lamps Plus* and found that, on the facts

before it, the order compelling claims to arbitration was not appealable.

*Hermosillo*, 821 Fed.App'x at 755-56.

This Court has long maintained that orders like the one challenged by

Macy's is not appealable. For example, in *MediVas, LLC v. Marubeni Corp*., 741

F.3d 4, 9 (9th Cir. 2014), this Court dismissed an appeal of an underlying order

compelling claims to arbitration. In *MediVas,* "the district court fully disposed of

the nonarbitrable claims but not of the arbitrable claims, which were ordered to

arbitration and neither dismissed nor stayed. The claims sent to arbitration

therefore remained pending before the district court, albeit subject to an implicit

stay pending the outcome of the arbitration." *Id.* at 8. The Court held that,

"[b]ecause those claims were implicitly stayed rather than dismissed, the August

2011 order compelling arbitration did not constitute a 'final decision with respect

to an arbitration' under section 16(a)(3) of the [FAA]." *Id.*

As in *MediVas*, the order below does not constitute a final order. Although

the district court ordered the case to be closed, it would retain jurisdiction to

confirm or vacate the award under the FAA, section 9. Moreover, if Macy's fails

to pay the employer's share of arbitration fees or precludes plaintiff's right to

discovery, Plaintiff has the right to come back to the district court and pursue her claims. See, e.g., *Armendariz v Foundation Health Phychare Services, Inc.,* 24 Cal.4th 83 (2000).Therefore, this case is effectively stayed pending the completion of arbitration.

Macy's argues that even if this Court does not find the lower Court "dismissed" the claims required by the Act, "this Court's Order compelling to arbitration not only Diaz's individual PAGA claims, but also all non-individual PAGA claims alleged, constitutes a denial of Macy's motion to compel arbitration of Diaz's individual PAGA claims only, providing jurisdiction under 9 U.S.C. § 16(a)(1)(B)." (See AOB at p. 2) But the employer in *Hermosillo* made a very similar argument in which this Court rejected:

> Davey Tree argues—without legal support—that we also have jurisdiction under 9 U.S.C. § 16(a)(1)(B) because an order compelling arbitration constitutes an order denying arbitration when the movant does not obtain arbitration according to the terms it agreed to. It goes without saying that classwide and individual arbitration have different attributes. But whether the parties here agreed to individual or class arbitration is exactly the question presented by Davey Tree's appeal on the merits. In other words, whether Davey Tree got the type of arbitration that it bargained for requires our interpretation of the agreements. *See Epic Sys. Corp. v. Lewis*, ––– U.S. ––––, 138 S. Ct. 1612, 1632, 200 L.Ed.2d 889 (2018) ("This Court is not free to substitute its preferred economic policies for those chosen by the people's representatives."). Davey Tree's view of 9 U.S.C. § 16(a)(1)(B)

11

would therefore require this court to consider the merits of Davey Tree's appeal—a tempting but unsupported invitation that would render the Act's limitations on appellate jurisdiction meaningless. See *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 (9th Cir. 2004); cf. *Xi v. U.S. I.N.S.*, 298 F.3d 832, 839 (9th Cir. 2002) ("[A] decision to [rearrange] or rewrite the statute falls within the legislative, not the judicial, prerogative."). We may not, in this procedural posture, opine on the merits.

(*Hermosillo,* 821 F. App'x at 755–56.)

Just as in *Hermosillo*, the underlying claims were not dismissed but sent to arbitration. Under the FAA, the district court's order is not appealable, and therefore dismissal of this case is appropriate.

## II. Even If the Appeal Were Considered, the Court Should Affirm the District Court's Ruling That Appellee's Entire PAGA Action Should Be Arbitrated.

### A. <u>Standard of Review</u>

The district court's order denying a petition to compel arbitration, including its interpretation of the validity and scope of the arbitration is reviewed *de novo*. *See Ticknor v. Choice Hotels Intern., Inc.*, 265 F. 3d. 931, 936, (2001). However, any "factual findings underlying the district court's decision" is reviewed under the "clear error" standard. *Id*.

### B. <u>California's PAGA</u>

The history and purpose of the PAGA is helpful in understanding the issues before this Court. The Labor Code contains a number of provisions designed to protect the health, safety, and compensation of California workers. *See Kim v. Reins International California, Inc.,* 9 Cal. 5th 73, 80 (2020). Employees can sue

employers for Labor Code violations and recover statutory penalties. *Id.* The Labor Code also provided for additional *civil penalties,* of which are generally paid to the State.

Prior to the PAGA's enactment, only the State could sue for civil penalties as well as prosecute the various Labor code violations punishable as a criminal misdemeanor. *Id.* However, California had difficulty enforcing its labor laws because the Labor Commissioner, local prosecutors and other local government agencies r were hampered in their enforcement of civil penalties by inadequate funding and staffing constraints. *Id.* at 81.

To facilitate broader enforcement of the Labor code, the California Legislature enacted the PAGA, authorizing "aggrieved employees" to pursue civil penalties on the state's behalf. Cal Lab. Code § 2699, subd. (a); *Kim,* 9 Cal. 5th at 81 (citing *Williams v. Superior Court* 3 Cal. 5th 531 (2017). "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the 'aggrieved employees.'" *Kim,* 9 Cal. 5th at 81 (citing *Arias v. Superior Court* 46 Cal. 4th 969, 980-981 (2009)).

//

**C.**    <u>The District Court Order Compelling the Representative PAGA Claims to Arbitration Must Be Affirmed</u>

### 1. The District Court Correctly Interpreted the Agreement to Cover the Arbitration of Representative PAGA Claims

Even if the Court were to consider Macy's improper appeal, it should affirm the district court, which correctly construed the arbitration agreement's terms in compelling the matter to arbitration. It is undisputed that the FAA "governs arbitration agreements in contracts" applicable to this case. *Zoller v. GCA Advisors, LLC* 993 F. 3d 1198, 1201 (9th Cir. 2021) There is also a "liberal federal policy favoring arbitration." *Id*. The only issue on appeal outside of whether the district court's order is appealable is "whether the agreement encompasses the dispute [all PAGA claims] at issue." *Revitch v. DIRECTV, LLC,* 977 F.3d 713, 716 (9th Cir. 2020).

In the proceedings below, the district court focused on two terms: (1) the scope of the arbitration provision; and (2) the consolidation provision:

     ***(i)***     ***Macy's Scope Provision***

Except as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ("Employment-Related Claims"), shall be settled exclusively by final and binding arbitration.

(ER 592.)

14

### *(ii)* *Macy's Consolidation Provision*

The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group).

(ER 598.)

According to the district court, this language "unambiguously mandates arbitration for all employment-related disputes arising out of any law… [which] no doubt covers Plaintiff's individual PAGA claims that are based on Defendant's alleged Labor Code violations." (ER 7) This is because the scope of the arbitration agreement encompasses "all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment" (ER 592.)

The district court's construction is correct as it "must expansively interpret arbitration agreements, especially when the clause itself is written in broad terms." *See Intel Corp, c. Advanced Micro Devices, Inc*., 12 F.3d 908, 914 (9th Cir. 1993) For example, in another case, the district court reasoned that all of the plaintiff's claims were "within the scope of the [arbitration provision]" consistent with the language contained in the agreement. *Gray v. Petrossian, Inc*., 2017 WL 8792671 at ** 2-3 (C.D. Cal. Nov. 10, 2017). Similar to *Gray*, here, Macy's inserted broad language stating "all employment-related disputes" justifying the lower court's

15

decision to compel all of Plaintiff's employment claims including the PAGA claims. (ER 592; see also ER 2-9)

Then, the district court found that the arbitration agreement does not contain a representative action waiver (rejecting Macy's attempt to cover PAGA claims through a class and collective action waiver that is in the Agreement). (ER 6-9.) According to the district court, the lack of a representative action waiver was "fatal" to Macy's motion. *Id.* This is because, as the district court read the agreement, the representative PAGA claim would be covered by the broad arbitration clause while there is no additional language requiring the arbitration of "individual PAGA claims." *Id.* As the district court explained, "[t]he agreement's all-encompassing language coupled with a lack of language excluding representative PAGA claims leads the [c]ourt to find that all PAGA claims must be compelled to arbitration under the agreement." *Id.*

When read together, the broad arbitration clause (which covers all Labor Code claims) taken alongside the lack of any representative action or PAGA waiver, nor any language evincing an intent to arbitrate the "individual" portion of the PAGA action, means that the agreement covers Plaintiff's representative PAGA claims. Thus, the entire PAGA action should be arbitrated.

Moreover, aside from the district court's reading, the arbitration agreement contains another provision that authorizes the Arbitrator to award civil penalties on

16

a representative basis. The Agreement provides that the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. (ER 604.) This provision authorizes the Arbitrator to award civil penalties for violations committed against aggrieved employees other than Plaintiff.

This is because, under PAGA, Plaintiffs may "seek any civil penalties the state can, including penalties for violations involving employees other than the PAGA litigant herself." *ZB, N. A. v. Superior Cour*t, 8 Cal. 5th 175, 185 (2019). "In any successful PAGA action, the LWDA is entitled to 75 percent of the award." *Viking River*, 142 S.Ct. at 1914 (citing Lab. Code § 2699(i)). "The remaining 25 percent is distributed among the employees affected by the violations at issue." *Id*. Civil penalties awarded by a court or arbitrator are "measured by the number of Labor Code violations committed by the employer." *Sakkab v. Luxxotica Retail N.A*., 803 F.3d 425, 435 (9th Cir. 2015) (concluding that arbitrating representative PAGA claims is not incompatible with the fundamental attributes of arbitration). Those representative penalties are available in court as well as arbitration. *Id.*

As *Viking River* specifically stated, "[b]y its terms, PAGA authorizes any 'aggrieved employee' to initiate an action against a former employer 'on behalf of

himself or herself and other current or former employees' to obtain civil penalties that previously could have been recovered only by the State in an LWDA enforcement action." *Viking River*, 142 S.Ct at 1914 (citing Lab. Code § 2699(a)). PAGA "gives employees a right to assert the State's claims for civil penalties on a representative basis." *Id*. at 1915. Representative civil penalties are relief that is "available in court" and are the precise relief Plaintiff seeks in this action. Therefore, under the arbitration agreement, the Arbitrator, who is authorized to award "any remedy or relief available in court," has the express contractual authority to award representative civil penalties—that is civil penalties assessed for violations committed against aggrieved employees other than Plaintiff.

In sum, the district court correctly construed the terms of the arbitration agreement, which cover all representative PAGA claims, do not limit PAGA to individual claims, and authorize the arbitrator to award all relief available in court, which would necessarily include the authority to award civil penalties assessed for violations committed against employees other than Plaintiff.

### 2. The District Court Correctly Interpreted *Viking River,* Which Does Not Mandate Individual Arbitration on the Facts Here

*Viking River* does not preclude the arbitration of "non-individual" PAGA claims and instead was a narrow decision that partially reversed California law prohibiting the splitting of PAGA claims into individual and non-individual

18

components when the parties have agreed to limit arbitration only to individual claims. *Viking River*, 142 S.Ct. at 1918, 1924.

Indeed, the U.S. Supreme Court rejected the employer's sweeping arguments, first confirming that the FAA does not operate to enforce terms that force parties to forfeit statutory claims, including PAGA claims. The High Court reaffirmed the non-waiver principle—that "the FAA does not require courts to enforce contractual waivers of substantive rights and remedies," *Id.* at 1919, and applied that principle to state claims. Id. An enduring principle of the FAA is that "[a]n arbitration agreement does not alter or abridge substantive rights; it merely changes how those rights will be processed." *Id.* A party therefore cannot prohibit a statutory claim from being asserted at all; it can only prohibit its assertion in arbitration. *Id.* The claim cannot be extinguished by virtue of a term embedded in an arbitration agreement. *Id.*

That principle applies to PAGA claims. *Viking River* acknowledged that all PAGA actions are "representative" insofar as they are brought on behalf of the state, and "*Iskanian v. CLS Transportation of Los Angeles LLC*, 59 Cal. 4th 348 (2014)'s principal rule prohibits waivers of 'representative' PAGA claims in [this] sense." *Viking River*, 142 S.Ct. at 1916–17. The U.S. Supreme Court concluded that *Iskanian*'s "principal" rule is not preempted by the FAA. *Id.* at 1922. *Viking River* specifically affirmed *Iskanian* to the extent that it invalidates a contractual

term that operates as a "wholesale waiver of PAGA claims," whether individual or non-individual. *Id*. at 1924–25. *Viking River*, in other words, upheld *Iskanian*'s rule invalidating a contractual waiver banning the assertion of PAGA claims—individual or non-individual.  The result is that a prospective representative action waiver cannot be enforced as written against PAGA claims. *Id.*

According to *Viking River*, the FAA preempts only *Iskanian*'s "secondary rule," *Viking River* at 1916–17, which, by barring enforcement of an agreement that divides a representative PAGA action into "individual" and "non-individual" claims, precludes arbitration limited to the former. *Id.* at 1924. *Viking River* described *Iskanian*'s secondary rule as "prohibit[ing] parties from contracting around [the PAGA] joinder device because it invalidates agreements to arbitrate only 'individual PAGA claims for Labor Code violations that an employee suffered.'" *Id*. at 1923.

The Supreme Court held that by disallowing the splitting of PAGA into individual and non-individual PAGA claims and permitting the arbitration of individual PAGA claims—if the parties have contracted for that—Iskanian creates a "forced joinder" that is incompatible with arbitration and preempted. *Id*. Thus, *Iskanian* is abrogated to the extent that it categorically prohibits the parties from contracting for an "individual PAGA claim" to be arbitrated. *Id*.

In other words, *Viking River* largely affirms *Iskanian* and finds a wholesale representative action waiver of PAGA claims unenforceable. The U.S. Supreme Court departs from *Iskanian* only where the parties contractually agreed to arbitrate solely the individual PAGA claim. *Viking River*, 142 S.Ct. at 1923. In that case, the individual claims can be sent to arbitration. To be sure, *Viking River* itself does not divide PAGA claims into "individual" and "non-individual" claims; rather, it honors the parties' contractual agreement to do so.

In fact, *Viking River*'s holding hinges on the language of the arbitration agreement at issue and in particular the language of the severability clause and its effect on the PAGA waiver. The High Court describes it as "specifying that if the waiver was found invalid, any class, collective, representative, or PAGA action would presumptively be litigated in court. But under that severability clause, if any 'portion' of the waiver remained valid, it would be 'enforced in arbitration.'" *Id*. at 1916. The U.S. Supreme Court found that "[b]ased on this clause, Viking was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's individual PAGA claim." *Id.* at 1925.

Moreover, *Viking River* distinguished PAGA actions from class actions and rejected the imposition of class arbitration case law. The Court found that "important structural differences between PAGA actions and class actions that preclude any straightforward application of our precedents invalidating

prohibitions on class-action waivers." *Viking River* at 1920. Among the observations made by the Court, "[a] class-action plaintiff can raise a multitude of claims because he or she represents a multitude of absent individuals; a PAGA plaintiff, by contrast, represents a single principal, the LWDA, that has a multitude of claims." *Id.* The Court also explained that, unlike class actions, PAGA actions are more like qui tam actions, and "PAGA judgments are binding only with respect to the State's claims, and are not binding on nonparty employees as to any individually held claims." *Id.*

The U.S. Supreme Court then rejected the employer's argument that the FAA "mandates" bilateral arbitrations and makes contractual waivers of representative actions enforceable. The Court stated unequivocally that "[n]othing in the FAA establishes a categorical rule mandating enforcement of waivers of standing to assert claims on behalf of absent principals." *Viking River*, 142 S.Ct. at 1922. The Court observed that single-agent, single-principal actions like shareholder derivative suits or wrongful death suits have a long tradition, and the FAA does not impose any "duty on States to render all forms of representative standing waivable by contract." *Id.* As *Viking River* confirmed, nothing in the FAA requires bilateral arbitrations while waiving claims that do not fit into the strict sense of "bilateral" put forward by the employer. *Id.* at 1922–23.

In short, *Viking River* was not a sweeping decision but a carefully sculpted one, finding that the FAA preempted California law in a very limited way but rejected FAA preemption regarding other aspects of PAGA and California law.

In the proceeding below, the district court grappled with *Viking River*'s nuanced reasoning and correctly held that the Supreme Court decision did not preclude the arbitration of representative PAGA claims. Macy's argued that language in the agreement required arbitration to resolve only disputes between the individual employee and the company, the language is not sufficiently clear and that all ambiguities should be resolved in favor of arbitration. But the district court rejected these contentions since, unlike in *Viking River*, there is no explicit language indicating that the parties intended to arbitrate claims individually and that proposition cannot be "lightly inferred." (ER 7; *Diaz*, 2022 WL 18107103, at \*4.)

In so holding, the district court rejected the notion that a court compelling representative PAGA claims would first need to impose a "rigorous consent standard" set forth in the class arbitration line of cases that culminated with *Lamps Plus*, 139 S. Ct. at 1418. *Id.* Instead, Judge Gutierrez observed that *Viking River*, over several pages, distinguished between representative PAGA actions and class actions, finding that PAGA representative actions remain "bilateral" actions that, unlike class arbitration, do not interfere with the fundamental attributes of

23

arbitration. *Id.* Thus, the district court held that a "rigorous consent standard for class arbitration does not apply to PAGA. Unlike class arbitration, PAGA is not inconsistent with the core features of the FAA." *Id.*

Of course, the *Viking River* Court would not have expended so many words distinguishing PAGA representative claims from class claims if lower courts could simply treat them in the same fashion. Here, the agreement covers the PAGA action and does not evince the parties' intent to arbitrate only individual PAGA claims. Diaz's representative claims should be arbitrated and should not be subject to case law dictating the treatment of class claims. Nothing in *Viking River*'s construction of the FAA precludes the Court from ordering arbitration of representative claims.

Aside from *Viking River*'s confirmation that arbitration of representative actions do not interfere with the purpose of the FAA, this Court has already held that arbitrating representative PAGA claims is consistent with the FAA. See Sakkab, 803 F.3d at 437-439. As this Court explained in *Sakkab*, arbitration of representative (or, in *Viking River*'s parlance, "non-individual") PAGA claims will not create the type of procedural complexity that class arbitration creates, and therefore does not fall within the FAA's directive barring such arbitrations unless the parties expressly designated class procedure.

In particular, *Sakkab* observed that, unlike Rule 23 "the potential complexity of PAGA actions is a direct result of how an employer's liability is measured under the statute. The amount of penalties an employee may recover is measured by the number of violations an employer has committed, and the violations may involve multiple employees." *Sakkab* pointed out that, under Supreme Court precedent, "potential complexity should not suffice to ward off arbitration." *Id.* at 438 (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc*., 473 U.S. 614, 633 (1985)). For PAGA, "the complexity flows from the substance of the claim itself, rather than any procedures required to adjudicate it (as with class actions)."

Significantly, this passage in Sakkab is not related to the "forced joinder" rule abrogated in Viking River. Rather, Sakkab, anticipating Viking River, simply reasoned that a "qui tam"-type action like PAGA do not have the characteristics of a class action that required a heightened standard to order class arbitration. This discussion in Sakkab remains good law and should guide this Court.

### D. **Macy's Arguments for Reversal are Without Merit**

Macy's makes several arguments contesting the district court's interpretation of the arbitration agreement, chiefly relying on the consolidation provision. While that provision forecloses the Arbitrator from hearing class claims or collective actions or claims of different Associates, it contains no language regarding PAGA or representative actions. (ER 598.) Despite this glaring omission, Macy's

repeatedly argues that despite there not being any express PAGA waiver, the class and collective action limitations applies to PAGA claims also. (AOB pp. 20-31.)

To support this position, Macy's attempts to advance several theories. First, Macy's argues the arbitration agreement "shall not consolidate claims of different Associates into one (1) proceeding." However, as outlined in *Viking River*, "PAGA actions do not adjudicate the individual claims of multiple absent third parties." *See Viking River*, 142 S. Ct. at 1921; *see also Hamilton v. Wal-Mart Stores, Inc*., 39 F.4th 575, 583–84 (9th Cir. 2022).  In *Hamilton*, this Court following the reasoning in *Viking River* held that "[a] class-action plaintiff can raise a multitude of claims because he or she represents a multitude of absent individuals; a PAGA plaintiff, by contrast, represents a single principal, the [Labor Workforce Development Agency]." *Hamilton,* 39 F.4th at 583–84. Moreover, the court found that the interest of any aggrieved employees "does not make those employees 'parties.'" *Id*. at 583. Here, consistent with *Viking River* and *Hamilton*, Ms. Diaz's PAGA claim does not consolidate claims of any other associates rendering this theory unpersuasive.

Second, Macy's argues the district court did not apply the correct legal understanding of the term class or collective action when considering the consolidation provision limiting the Arbitrator's right to hear claims. (AOB 22-24.) However, in light of *Viking River* and *Hamilton*, the district court applied the

precedential authority when concluding that PAGA claims, including those brought by Plaintiff, did not fall within the category of "class" or "collective actions."*See Viking River*, 142 S. Ct. at 1921; see also *Hamilton,* 39 F.4th at 583–84.) Not only does Macy's not have authority in its favor, it does not distinguish these clear statements from  precedential authority *Viking River* and *Hamilton* rendering this theory unpersuasive.

Third, Macy's attempts to advance the theory that there is not a requirement that a waiver provision specifically reference PAGA claims or private attorney general claims to apply the *Viking River* waiver. (AOB 25-31.) But as discussed above, *Viking River* specifically addressed agreements involving a waiver, as the waiver indicates that the parties intended to arbitrate the representative PAGA claims individually. Given that employers like *Viking River Cruises* routinely insert PAGA waivers into the arbitration agreement, the lack of a waiver in the Macy's agreement is telling. And to the extent that the lack of a waiver creates an ambiguity, Macy's overlooks the presumption from the High Court to resolve any ambiguities in favor of arbitration. (*Lamps Plus, Inc. supra*, 139 S. Ct. at 1418) Instead, Macy's relies upon persuasive authority containing distinct and materially distinguishable arbitration agreements before different courts.

Macy's cites to *Valencia v. Mattress Firm, Inc*. 2023 WL 2062951 at ** 3-4 (N.D. Cal. Feb. 16, 2023). In *Valencia*, the court granted the defendant's motion to

compel individual arbitration regarding the plaintiff's PAGA claims. *Id*. at ** 3-4. In *Valencia*, the court did not compel to arbitration or dismiss any non-individual PAGA claims but instead stayed these claims pending the California Supreme Court decision in *Adolph v. Uber Techs., Inc*. No. G059860, 2022 WL 1073583. But the *Valencia* arbitration agreement included the waiver term encompassing "class, collective, or representative actions" and there is no reference to the arbitration agreement encompassing "all employment-related claims" like the one in this case. *Valencia* is therefore inapposite. And even in *Valencia*, the non-individual PAGA claims were simply stayed pending *Adolph*, not dismissed.

In *Rivas v. Coverall North America, Inc*., 2022 WL 17960776 at * 5 (C.D. Cal. Nov. 28, 2022), the court compelled arbitration of individual claims and dismissed non-individual PAGA claims. But the *Rivas* court emphasized that the terms of the agreement before it expressly limited arbitration to individual claims. (*Id*. at * 5 fn. 1) There is no such term here.

Macy's also cites *Dominguez v. Sonesta International Hotels Corporation*, 2023 WL 25707 (N.D. Cal. Jan. 3, 2023), which does not support reversal of the district court's ruling. (In *Dominguez*, the court compelled arbitration of the Plaintiff's individual PAGA claims and stayed the remaining PAGA claims. *Id*. In so holding, the court recognized district courts have reached different outcomes in interpreting the arbitration agreements before theml. *Id*. at *7. Moreover, in

*Dominguez,* the court found that the "portion of the Arbitration Agreement that purports to waive Plaintiff's non-individual claim is invalid." *Id*. Macy's reasoning conflicts with *Dominguez* in that Macy's attempts to argue Ms. Diaz's non-individual PAGA claims are waived and subjected to dismissal. Instead, *Dominguez* supports Ms. Diaz's position that the PAGA waiver would be invalid if one were to ever have existed in the agreement.

Macy's also cites to *Parsittie v. Schneider Logistics,* 2023 WL 2629869 (C.D. Cal. Feb. 8, 2023). In *Parsittie*, the court emphasized language in the arbitration agreement stating "claims must be submitted [to arbitration] on an individual basis only." *Id*. at * 9. Contrary to *Parsittie,* here, no such language exists. Macy's does have language stating claims may not be consolidated with other associates, which is distinguishable from *Parsittie* and this distinction is also acknowledged by the district court. (ER 7) Contrary to *Parsittie, there is no express term limiting* claims to be submitted on an "individual basis only" in arbitration. Nor is there a waiver of any PAGA claims. (ER 7.) Thus, *Parsittie* is inapposite.

Macy's reliance on *Burger v. Northrop Grumman Sys. Cor*p., 2022 U.S. Dist. LEXIS 225548, *3 (C.D. Cal. Dec. 13, 2022) is equally misplaced. In *Burger*, the court compelled arbitration of Plaintiff's individual PAGA claims despite the district court acknowledging that there need not be an express PAGA waiver to

29

compel arbitration of PAGA claims. *Id*. But the agreement in Burger is materially distinct, and in any event, the district court here provided more persuasive reasoning as to why representative PAGA claims should be sent to arbitration when it is covered by a broad arbitration clause and is not subject to a PAGA or representative action waiver.

Finally, Macy's points to orders in *Quevedo v. Macy's, Inc*., 798 F. Supp. 2d 1122, 1141 (C.D. Cal. 2011) and *Teimouri v. Macy's, Inc.*, 2013 Cal. App. Unpub. LEXIS 3383 (2013), *44-65 (same).) However, both opinions in *Quevado* and *Teimouri* predate *Iskanian* and *Viking River,* rendering them outdated and therefore completely unpersuasive.

### E. To The Extent The Terms of The Arbitration Agreement Are Ambiguous, Any Ambiguities Must Be Resolved in Favor of Arbitration.

There is a federal policy supporting the presumption that any ambiguities are resolved in favor of arbitration. (*Lamps Plus, Inc. supra*, 139 S. Ct. at 1418) To the extent this Court is unclear on the scope of the claims to be arbitrated, the Court must presume the claims are arbitrable in favor of arbitration.

Here, the scope of the arbitration is unambiguously clear that all employment-related claims are subject to arbitration consistent with the district court's conclusion. (ER 7.) Nevertheless, regardless of whether its ambiguous as to whether Ms. Diaz's individual PAGA claims are arbitrable and her remaining

PAGA claims are arbitrable, this Court shall presume all of Ms. Diaz's claims are subject to arbitration consistent with the lower court's ruling. (ER 2-9.)

### F. Should All of Ms. Diaz's PAGA Claims Not Move Forward in Arbitration, Ms. Diaz's Non-Individual PAGA Claims Should Be Stayed, Not Dismissed, Pending *Adolph*

Finally, even if this Court were to disagree with the district court, it cannot dismiss the non-individual PAGA claims. Recent California case law expressly rejects *Viking River's* suggestion that a PAGA plaintiff forfeits standing to pursue non-individual PAGA claims if the individual PAGA claims are resolved in arbitration. *See Nickson v. Shemran, Inc.*, __ Cal. App. 5th __, 2023 WL 2820860 (2023); *Seifu v. Lyft, Inc.*, __ Cal. App. 5th __, 2023 WL 2705285 (2023); *Gregg v. Uber Technologies, Inc.*, 89 Cal. App. 5th 786 (2023); *Piplack v. In-N-Out Burgers*, 88 Cal. App. 5th 1281 (2023); *Galarsa v. Dolgen California, LLC*, 88 Cal. App. 5th 639 (2023). These cases construe *Kim v. Reins International Calif.*, 9 Cal. 5th 73, 83-86 (2020) and PAGA's text and purpose to hold that PAGA plaintiffs do not lose standing even after the resolution of their individual claims.

Under settled principles of federalism, "federal court[s] must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). Here, an uncontradicted line of state intermediate court decisions precludes the dismissal of the non-

individual PAGA claims. Furthermore, the California Supreme Court is poised to render a decision in *Adolph v. Uber Technologies*, No. S274671, to directly address statutory standing as discussed in *Viking River*. If the Court reverses the order below and compels Ms. Diaz's individual PAGA claim to arbitration, it should stay the non-individual PAGA claims.

## <u>CONCLUSION</u>

For the foregoing reasons, the appeal should be dismissed or, in the alternative, the district court's order compelling Ms. Diaz's entire PAGA action (including her individual and non-individual PAGA claims) to arbitration should be affirmed.

Dated: May 30, 2023                      Respectfully Submitted

<u>/s/ Armond M. Jackson</u>
Attorney for Appellee
Yuriria Diaz

**CERTIFICATE OF COMPLIANCE PURSUANT TO
FED.R.APP.32(a)(7)(B) AND CIRCUIT RULE 32-1 FOR CASE
NUMBER 16-56200**

Pursuant to Fed.R.App.P.32 (a)(7)(B) and Ninth Circuit Rule 32-1, I certify

that Appellee's brief is proportionately spaced, has a typeface of 14 points and

contains 7,381 words.

DATED: May 30, 2023

By: /s/ Armond M. Jackson
Attorney for Appellee
Yuriria Diaz

33

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Appellee Yuriria Diaz states that she is not aware of any related cases pending in this Court.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, I electronically filed the foregoing with

the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that

service will be accomplished by the appellate CM/ECF system to the following:

Attorneys for Defendant MACY'S WEST STORES, INC.

FERMIN H. LLAGUNO, Bar No. 185222
fllaguno@littler.com
P. DUSTIN BODAGHI, Bar No. 271501
dbodaghi@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine, CA 92614
Telephone: 949.705.3000
Facsimile: 949.724.1201
Attorneys for Defendant and Appellant

Steven P. Lehotsky
LEHOTSKY KELLER LLP
200 Massachusetts Ave., NW
Washington, DC 20001
(202) 365-2509
steve@lehotskykeller.com


Drew F. Waldbeser
LEHOTSKY KELLER LLP
3280 Peachtree Road NE
Atlanta, GA 30305
drew@lkefirm.com

Andrew B. Davis
LEHOTSKY KELLER LLP
919 Congress Ave.
Austin, TX 78701
andrew@lkefirm.com

Counsel for Amici Curiae the National Retail Federation and Retail Litigation
Center, Inc.

DATED: May 30, 2023

By:   /s/ Armond M. Jackson
        **Attorney for Plaintiff-Appellant**
        **Yuriria Diaz**